United States District Court
For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ROSS SHADE, | No. C 13-2303 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; DENYING AS MOOT DEFENDANTS' MOTIONS TO REQUIRE PLAINTIFF TO FURNISH SECURITY AND FOR STAY; DENYING AS MOOT PLAINTIFF'S MOTION FOR ELECTRONIC CASE FILING** |
| v. | |
| RICHARD E. ANDERSON, et al., | |
| Defendants. | |

Before the Court is plaintiff's "Application to Proceed In Forma Pauperis" and "Motion for Permission for Electronic Case Filing," filed, respectively, May 21, 2013, and June 3, 2013.  Also before the Court are defendants' "Motion to Require Plaintiff to Furnish Security" and "Motion for Administrative Relief Staying Action Pending Resolution of Motion to Require Plaintiff to Furnish Security, or, in the Alternative, Extending Time for Defendants to Respond to Plaintiff's Complaint," both filed June 7, 2013.

As it appears plaintiff lacks the funds to pay the filing fee, plaintiff's application is hereby GRANTED.  See 28 U.S.C. § 1915(a) (providing court with authority to "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor").

1   Once the Court has granted a plaintiff's request to proceed in forma pauperis,

2   however, the Court must "dismiss the case at any time if the court determines that . . . the

3   action . . . fails to state a claim on which relief may be granted."  See 28 U.S.C.

4   § 1915(e)(2)(B)(ii).

5   Plaintiff's complaint alleges various causes of action against defendants "Richard E.

6   Anderson, Robert D. Francis, and Officers and Directors of the Doctors Company

7   Insurance Services, LLC ['the Doctors Company'].''[1]  Plaintiff alleges the Doctors Company

8   is an insurance company that provides defenses to doctors in personal injury lawsuits (see

9   Compl. at 3:17-20; 4:12-15; 5:21-6:1) and that the Doctors Company has "establish[ed] a

10  racketeering type enterprise" where, "[i]nstead of complying with the law[,] they maintain

11  The Doctors Policy to protect the doctors and are willing to have patients suffer as in this

12  Plaintiff's case" (see Compl. at 5:11-13).

13  With respect to plaintiff's particular case, plaintiff alleges he is "crippled" as a result

14  of a prosthesis in his hip (see Compl. at 7:4-8), and that he brought suit in California state

15  court, which court dismissed plaintiffs complaint based on the statute of limitations (see

16  Compl. at 8:22-23).  Plaintiff alleges his state court suit "would [not] have been needed if an

17  offer to mediate [by the Doctors Company] had been proposed at the inception."  (See

18  Compl. at 7:12-13.)  Plaintiff further alleges "settlements in civil court involving medical

19  malpractice must be reported to the Medical Board," but that, "[i]nstead of processing

20  claims, [the Doctors Company] never settle[s] until the [p]laintiff sues and never then unless

21  the doctor agrees, in their efforts to protect against a blemish on the doctors record."  (See

22  Compl. at 4:19-23 (emphasis omitted).)

23  Plaintiff's complaint alleges three federal claims for relief: (1) a claim under 42

24  U.S.C. § 1983; (2) a claim under 18 U.S.C. § 1518; and, liberally construed, (3) a claim

25

26

27  ─────────────────────

28  [1] Richard E. Anderson is allegedly Chairman of the Board of Directors and Chief
Operating Officer of the Doctors Company.  (See Compl. at 3:10-12.)  Robert Francis is
allegedly the "Chief Operating Officer (or one of two CEO's)."  (See Compl. at 5:1-2.)

2

1   under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[2]  As set forth

2   below, plaintiff fails to state a claim under any such theory of liability.

3       First, for a private party to be held liable under § 1983, such party must have "act[ed]

4   under color of state law."  See Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

5   Plaintiff's § 1983 claim is based on the Doctors Company's providing a defense to, rather

6   than offering to settle, plaintiff's personal injury case.  There is nothing in the complaint to

7   support a finding that the Doctors Company, in providing a defense pursuant to a private

8   contract of insurance, was acting "under color of state law."  Consequently, plaintiff fails to

9   state a claim for relief under § 1983.

10       Next, 18 U.S.C. § 1518 provides a criminal penalty for any person who "willfully

11   prevents, obstructs, misleads, delays or attempts to prevent, obstruct, mislead, or delay the

12   communication of information or records relating to a violation of a Federal health care

13   offense to a criminal investigator."  See 18 U.S.C. § 1518(a).  Even assuming, arguendo, a

14   private right of action under § 1518, see In re Digimarc Corp. Derivative Litig., 549 F.3d

15   1223, 1230 (9th Cir. 2008) (holding "[w]here a federal statute does not explicitly create a

16   private right of action, a plaintiff can maintain a suit only if Congress intended to provide the

17   plaintiff with a[n implied] private right of action") (internal quotation and citation omitted)

18   (alterations in original), the Doctors Company's alleged failure to settle a lawsuit does not

19   constitute obstruction of a criminal investigation.  Consequently, plaintiff fails to state a

20   claim for relief under § 1518.

21       Lastly, RICO "provides a private civil action to recover treble damages for injury 'by

22   reason of a violation of' its substantive provisions."  See Sedima, S.P.R.L. v. Imrex Co.,

23   Inc., 473 U.S. 479, 481 (1985) (citing 18 U.S.C. § 1964(c)).  "The elements of a civil RICO

24   claim are . . . (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

25   activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property."

26   Living Designs, Inc. v. E.I. DuPont de Nemours Co., 431 F.3d 353, 361 (9th Cir. 2005).

27

28       [2] There is no allegation that the parties are diverse; plaintiff resides in Woodland, California and the Doctors Company is headquartered in Napa, California.

1  RICO lists the specific criminal acts that satisfy the "racketeering activity" element, which

2  include "an act or threat involving murder, kidnapping, gambling, arson, robbery, bribery,

3  extortion, dealing in obscene matter, or dealing in a controlled substance or listed

4  chemical," "counterfeiting," "wire fraud," "laundering of monetary instruments," and other

5  serious felony offenses. See 18 U .S.C. § 1961(1). An element common to all of the

6  predicate acts included under RICO is the requirement that the conduct be punishable as a

7  crime. See id. Plaintiff's complaint is devoid of any allegation to support a finding that any

8  conduct attributed therein to the Doctors Company would in any manner constitute a crime,

9  let alone one listed under § 1961(1). Consequently, plaintiff fails to state a claim for relief

10  under RICO.

11        Accordingly, as plaintiff's complaint fails to state a claim on which relief can be

12  granted, and it appearing that any amendment thereto in an effort to plead a federal claim

13  would be futile, see Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002)

14  (holding dismissal without leave to amend appropriate where "any amendment would be

15  futile"), the complaint is hereby DISMISSED with prejudice.

16        In light of said dismissal, defendants' motions to require plaintiff to furnish security

17  and for a stay are hereby DENIED as moot, and plaintiff's motion for permission to file

18  electronically is hereby DENIED as moot.

19        **IT IS SO ORDERED.**

20
21  Dated:  June 17, 2013

                                     MAXINE M. CHESNEY
22                                     United States District Judge

23

24

25

26

27

28

4